UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40916
Summary Calendar
_____

REJELL AIRON TILLIS,

Plaintiff-Appellant,

versus

ROY A. GARCIA, Warden II; DONNA M. ALLEN,
Administrative Sergeant; LEBARDO DELEON, JR.,
Correctional Officer; KENNETH J. ORRELL, JR.,
Administrative Sergeant,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-C-94-110)
_____

September 20, 1996

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Rejell Airon Tillis, #571596 represented himself in a § 1983 excessive force lawsuit against Sergeant Donna Allen and prison guard Kenneth Orrell of TDCJ. Although the case was tried before a jury, the court granted a motion for judgment as

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

a matter of law at the close of the evidence, and very liberally construed, Tillis's appeal raises this issue.  We find no error and affirm.

There was no dispute that physical force was used to restrain Tillis on April 13 and June 13, 1993.  The question was whether these officers participated in the use of force, and whether the force was excessive.  The magistrate judge granted judgment as a matter of law to Sergeant Allen because the evidence did not demonstrate any personal involvement by Allen in either of the incidents.  Because there was no evidence supporting a finding that Allen was personally involved in either incident, the judgment as a matter of law was correct.

As to Officer Orrell, Tillis conceded that Orrell was not involved in the June 13 incident, rendering judgment as a matter of law proper on this claim.

The only factual dispute therefore was whether Orrell used excessive force to injure or harm Tillis in a malicious or sadistic manner during the April 13 incident.  Tillis testified that he received an unprovoked beating by officers in which Orrell participated.  He testified that Orrell fell with both of his knees on Tillis's face and that Orrell's attempts to hit Tillis's face against the concrete and knock his teeth out resulted in a gash to Tillis's head and a cracked tooth.

Tillis's version of events was contradicted not only by several prison guards' testimony, but also by a doctor's testimony

2

concerning the nature of Tillis's injuries. The jury was allowed to view photos of Tillis taken immediately after the incident as well as pertinent video tape. Orrell denied that he dropped down on his knees between Tillis' jaw area and his neck area. All of the guards consistently testified that Orrell's involvement was limited to holding the prisoner's legs down while leg shackles were placed on him. Moreover, Dr. Stark testified that the medical records for April 13 indicate that Tillis refused a physical examination but the nurse noted two small abrasions, one above the left eyebrow and one about the right cheek area. He testified that if Orrell had "dropped his knees" on Tillis's back, neck, and back of head area and picked up Tillis's head and tried to slam it into the concrete, as Tillis testified, Tillis would have suffered a tremendous amount of swelling about the face, lips and nose, and probably about the eye area. Dr. Stark also testified that bruises about the neck and upper thoracic area would be observed. There was, however, no indication in the medical records that Tillis suffered those types of injuries. The abrasions observed on Tillis were consistent with his being quickly taken down and being placed on the ground.

Tillis did not wholly deny that he had engaged in verbal abuse of the officers and that he did threaten them after the April 13 incident. He also admitted that he had flooded his toilet prior to the June 13 use of force incident.

In reviewing a district court's grant of the motion for a judgment as a matter of law, this court considers all of the evidence and reasonable inferences in the light most favorable to the party opposed to the motion. Portis v. First National Bank of New Albany Mississippi, 34 F.3d 325, 327 (5th Cir. 1994). If the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable jurors could not arrive at a contrary verdict, granting the motion is proper. Id. If, however, there is substantial evidence of such quality and weight that reasonable jurors, in the exercise of impartial judgment, might reach differing conclusions, the motion should be denied. Id.

When considering an excessive-force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Tillis conceded at least that he engaged in provocative conduct toward the officers on April 13. A video tape showed him threatening the officers after the use of force. Tillis admitted engaging in property destruction before the June 13 incident. In the face of these admissions, combined with the objective facts that he refused a medical examination, his actual injuries consisted of no more than two scrapes, and there was no medical evidence consistent with the more severe type of injury he said he received, the magistrate judge was entitled to grant judgment as a matter of law. No reasonable jury could have found that the

4

officers applied force "maliciously and sadistically to cause harm." It is true that under the <u>Hudson</u> test, a jury question will often arise about the possible use of excessive force, but this is one of the cases in which, after full trial on the merits, no reasonable jury could have found for Tillis.

We are unable to understand the rest of Tillis's arguments and therefore do not address them.

The judgment of the trial court is <u>AFFIRMED</u>.